UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEMAJ L. PAYTON,

        Plaintiff,                        CIVIL ACTION NO. 12-11386

vs.

                                             DISTRICT JUDGE MARK A. GOLDSMITH

CHARDONNAY DIALYSIS           MAGISTRATE JUDGE MONA K. MAJZOUB
and LARRY MARSHALL,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:** This Court recommends that Defendants' Motion to Dismiss and for Summary Judgment (docket no. 14) be **GRANTED** and Plaintiff's complaint be dismissed as to all Defendants due to Plaintiff's failure to prosecute this action.

**II.**    **REPORT**:

      This matter comes before the Court on the Motion to Dismiss and for Summary Judgment filed by Defendants Chardonnay Dialysis, Inc. and Larry Marshall. (Docket no. 14). Plaintiff failed to file a response and the time for responding has expired. All pretrial matters have been referred to the undersigned for decision. (Docket no. 3). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f). This matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

**A.**    **Factual Background and Claims**

      On December 12, 2011, pro se Plaintiff Semaj Payton filed this action against Defendants Chardonnay Dialysis and Larry Marshall in the Wayne County Circuit Court. She filed an amended

1

complaint on February 9, 2012 with the Wayne County Circuit Court. Defendants contend that they were served with copies of the complaint and amended complaint on February 12, 2012 and March 1, 2012 respectively. On March 27, 2012 Defendants removed the lawsuit to this Court. The amended complaint alleges that Defendants retaliated against Plaintiff and created a hostile work environment based on sexual harassment in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, and the Michigan Elliott-Larsen Civil Rights Act, Mich. Comp. Laws § 37.2102. Plaintiff also raises a defamation claim.

On June 27, 2012 the Court issued an order notifying the parties that they should appear on July 12, 2012 for a scheduling conference. (Docket no. 6). The Court mailed the Notice to Appear to Plaintiff at her address of record. Plaintiff failed to appear for the conference.

On August 31, 2012 Defendants served their First Requests for Production of Documents and First Interrogatories to Plaintiff. (Docket nos. 10, 11). Defendants mailed copies of the discovery requests to Plaintiff's address of record. Plaintiff's responses were due on or about September 30, 2012. Fed.R.Civ.P. 33 and 34. Defendants state that Plaintiff failed to serve responses or objections to the discovery requests. (Docket nos. 10, 11). Plaintiff has not shown otherwise.

On January 10, 2013 Defendants filed a motion to compel discovery. (Docket no. 8). The Court ordered Plaintiff to file a response and Defendants to file a reply in accordance with the time lines set forth in Eastern District of Michigan Local Rule 7.1. The Court also ordered the parties to file a Joint Statement of Resolved and Unresolved Issues by February 25, 2013. (Docket no. 9). Plaintiff failed to file a response to the motion to compel and she did not participate in the filing of the Joint Statement of Resolved and Unresolved Issues. (Docket no. 10).

The Court subsequently struck Defendants' motion to compel for failure to comply with Eastern District of Michigan Local Rule 37.2.  Consequently, Defendants filed a second motion to compel on May 15, 2013, and mailed a copy of the motion to Plaintiff's address of record.  (Docket nos. 11, 12).  The Court ordered Plaintiff to file a response to the motion by June 24, 2013.  (Docket no. 13).  Again, Plaintiff failed to file a response to the motion.  Subsequently, the Court granted Defendants' motion and ordered Plaintiff to serve discovery responses without objections to Defendants by November 4, 2013, well beyond the May 15, 2013 discovery deadline.  (Docket nos. 7, 17).

On June 21, 2013 Defendants filed a Motion to Dismiss and for Summary Judgment seeking dismissal under Federal Rule of Civil Procedure 41(b) for failure to prosecute.  (Docket no. 14).  Defendants also seek dismissal on the merits of Plaintiff's claims.  The Court ordered Plaintiff to respond to the motion by August 26, 2013.  (Docket no. 15).  Plaintiff has not filed a response to the motion for summary judgment.

On October 21, 2013 the Court entered an Order for Plaintiff to Show Cause why her complaint should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) or for failure to provide or permit discovery under Federal Rule 37.  (Docket no. 16).  Plaintiff was ordered to file a response to the Show Cause Order by November 5, 2013.  The order warned Plaintiff that her case may be dismissed if she failed to comply with the order.  Plaintiff did not file a response to the Show Cause Order.

Rule 41(b) of the Federal Rules of Civil Procedure gives a court authority to dismiss a case on motion if "the plaintiff fails to prosecute or to comply with these rules or a court order...." Fed.R.Civ.P. 41(b).  A dismissal under Rule 41(b) operates as an adjudication on the merits.  The

court should consider the following factors before dismissing an action under Rule 41(b): (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the opposing party was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Stough v. Mayville Cmty. Schs*., 138 F.3d 612, 615 (6th Cir. 1998). Furthermore, Federal Rule of Civil Procedure 37(d) authorizes the Court to order sanctions if a party fails to answer interrogatories or respond to a request for production of documents. Rule 37(b) provides a list of sanctions the Court may order if a party fails to obey a discovery order, up to and including dismissal of that party's action or proceeding in whole or in part. Fed.R.Civ.P. 37(b)(2)(A)(v).

After considering the factors identified in *Stough,* this action should be dismissed because of Plaintiff's failure to prosecute her case. Defendants and the Court have made repeated attempts to contact Plaintiff to no avail. Indeed, Plaintiff has not been in contact with the Court at any time since her complaint was removed to this Court by Defendants. There is no indication that any of the notices, orders, or motions sent to Plaintiff's address of record have been returned as undeliverable. Plaintiff's failure to keep herself informed of the events of this case and participate in the prosecution of her case appears to be willful and in bad faith. Defendants have continued to defend against this action and have been substantially prejudiced by Plaintiff's dilatory conduct in failing to respond to their discovery requests and their Motion to Dismiss and for Summary Judgment. Furthermore, this Court warned Plaintiff that her failure to comply with the Court's Show Cause Order could result in the dismissal of this action. Finally, the Court's Order compelling discovery did not deter Plaintiff from engaging in further dilatory conduct.

4

After considering the appropriate factors, this Court recommends that this action be dismissed with prejudice as to all Defendants for want of prosecution.

### III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: December 3, 2013                    s/Mona K. Majzoub
                                           MONA K. MAJZOUB
                                           UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

      I hereby certify that a copy of this Report and Recommendation was served upon Semaj Payton and Counsel of record on this date.

Dated: December 3, 2013                s/Lisa C. Bartlett
                                                  Case Manager